Ludbling, C. J.
The petition alleges that “ on February 8, 1870, Nicolson and Company, in liquidation, filed their petition, alleging that under a notarial contract with the city of New Orleans they had *370 paved Camp street with square block stones, and especially in front of the property on the corner of South and Camp streets, known as the Verandah hotel, the property of Joseph Stinson, and received from said city on January 30, 1860, a certificate of the amount due them for said work, amounting to $979 05, which was duly recorded in the-mortgage office on the fourth of March, I860, against the said recorded owner of said property; that subsequently they instituted suit thereon and obtained judgment, which was also duly recorded in said mortgage office, and their privilege operated against said property as superior in rank to all mortgages resting thereon; that by virtue of a seizure and sale issued at the instance of the Citizens’ Bank on a mortgage by it held, the Citizens’ Bank became the purchaser of said property, and refused to pay to your petitioners the amount of their judgment and privilege as aforesaid, or to surrender the property to be subjected to your petitioners’ claim: and they pray accordingly.”'
The Citizens’ Bank answered that it had the first mortgage on the property; that the privilege claimed by the plaintiffs never existed; that if the privilege ever existed the claim was novated and the privilege was lost, and that the privilege had already been rejected in a suit between the plaintiffs and Stinson, the former owner of the property.
It appears that Nicolson & Co. took the note of Stinson for the amount of their claim for paving; that they had their claim recorded in the Book of Records, in March, 1860; that they sued Stinson on the said note and claimed a privilege on the property, and there was a judgment in their favor against Stinson for the amount of the note or claim, but the judgment said nothing about the privilege, and this-judgment became final. The judgment was rendered in February, 1861, and was duly recorded. . The bank’s mortgage was recorded in February, 1837.
It is evident, therefore, that the bank’s mortgage outranks the mortgage of the petitioner's, and that their pretensions to be paid by .preference can only be maintained by showing that they have a privilege on the property sold.
Privileges are strieii juris and must be clearly established by those who assert them. Pretermitting the expression of an opinion as to whether or not Nicolson & Co. novated their claim for paving by taking the promissory note of Stinson, and thus lost their privilege, it would seem that the judgment which they obtained against Stinson on that note should be conclusive against their claim now asserted to be a privilege. That judgment, we have seen, did not allow the privilege, although claimed in that suit. They rested satisfied with the judgment and had it recorded.
*371 We think the consequence of their acquiescense in that judgment is the loss of their privilege, so far as third parties are concerned. We are cited to the case of Gustine v. Union Bank, 10 Rob. 418, in which the court held that “if under the law the debt creates a privilege or tacit mortgage, they exist independent of the judgment rendered.” The question is only an obiter dictum in that case, and although generally true when there was no issue in regard to the privilege, it is not true in a case in which the existence of the privilege is at issue, and the judgment does not recognize the privilege.
But even if that judgment did not settle the claim of Nicolson & Co.- adversely to them, they have lost their privilege by failure to reinscribe it within ten years. The privilege was recorded in 1860; the judgment was recorded in 1861, and there had been no reinseription thereof in 1872, when the bank foreclosed its mortgage. C. C. 3369.
It is therefore ordered that the judgment appealed from be affirmed with costs of appeal.